UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBET HEIZELMAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHASE BANK,<br><br>　　　　　　　　　　　Defendant. | Case No.: 22-cv-1676-GPC-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR LACK OF SUBJECT MATTER JURISDICTION; AND DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>[ECF Nos. 2, 3] |

　　　　On October 27, 2022, Plaintiff Robet Heizelman ("Plaintiff"), proceeding pro se, filed a Complaint against Defendant Chase Bank ("Defendant"). ECF No. 1. Plaintiff concurrently filed a Motion to Proceed *in forma pauperis* ("IFP") and a Motion to Appoint Counsel. ECF Nos. 2, 3. For the reasons below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP; *sua sponte* **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction; and **DENIES** Plaintiff's Motion to Appoint Counsel as MOOT.

### I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a United State district court, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to §1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Courts may consider the federal poverty guidelines set by the United States Department of Health and Human Services as well as income in the context of overall expenses and other factors, including savings and debts, in ruling on IFP applications. *McKinley v. Cnty. Of Fresno*, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021).

Here, Plaintiff submitted a form stating he is "on SSI only." *See* ECF No. 2. Plaintiff does not disclose the amount of benefits he receives each month and simply writes "NA" for all categories of income and expenses. *Id.* Plaintiff states his only assets are two cars, each valued at $2,000. *Id.* at 3. However, it appears Plaintiff is presently homeless, and as such, the Court finds that he has demonstrated that "because of poverty"

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. §1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, §14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

he can't "meet court costs and still provide [himself] . . . with the necessities of life." *Soldani*, 2019 WL 2160380, at *1. Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## II.   Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 JF.3d 845, 845 (9th Cir. 2001) ("[T[he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). 28 U.S.C. § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, although difficult to read and understand, Plaintiff's Complaint appears to allege that Chase Bank "refused to cash [his] check at multiple branches [and] only wanted [him] to deposit it for 3 days knowing it was legit." ECF No. 1 at 2. Plaintiff states this "caused [him] great distress" and that he "caused a lot of trouble at each branch" because "no one would tell [him] why they couldn't cash it." *Id.* The Court finds Plaintiff's Complaint as presently pled fails to state a claim upon which relief can be granted because Plaintiff does not state the relevant law under which he brings his claim. *See Bradley v. Studio 15, Hous. Partners L.P.*, 2022 WL 5265143, at *2 (S.D. Cal. Oct. 5, 2022). The Court is not able to determine if Plaintiff pled sufficient facts to plausibly support a claim for relief because the Court is unable to determine the relevant law. As such, the Court *sua sponte* **DISMISSES** the Complaint for failing to state a claim.

Moreover, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1988).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. §1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. V. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10-11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The essential elements of diversity jurisdiction,

including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Here, because Plaintiff does not state the law under which he brings his claim, Plaintiff does not assert a basis for the Court's subject matter jurisdiction. No federal question jurisdiction or diversity jurisdiction has been alleged or appears to exist. Thus, the Court also **DISMISSES** the Complaint for lack of subject matter jurisdiction.

### III.  Motion for Appointment of Counsel

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, because the Court *sua sponte* dismisses Plaintiff's Complaint for failure to state a claim upon which relief can be granted and for lack of federal subject matter jurisdiction, the Court **DENIES** Plaintiff's request for appointment of counsel as MOOT.

### CONCLUSION

Based on the above, the Court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis*, *sua sponte* **DISMISSES** the Complaint for failure to state a claim and for lack of subject matter jurisdiction, and **DENIES** Plaintiff's Motion for Appointment of Counsel as MOOT. In the event Plaintiff seeks to file an Amended Complaint, he must do so no later than **March 17, 2023**. If Plaintiff chooses to file an Amended Complaint, he must clearly state the relevant law(s) under which his claim is brought, and he must plead sufficient facts to plausibly state a claim under the law. In addition, he must clearly assert a basis for the Court's subject matter jurisdiction.

If Plaintiff does not file an Amended Complaint, the Court will dismiss the Complaint with prejudice.

**IT IS SO ORDERED.**

Dated: February 9, 2023

Hon. Gonzalo P. Curiel
United States District Judge